IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RICHARD C. SYRGLEY and
TIMOTHY ENGLISH                                                                              PLAINTIFFS

v.                                            Case No. 2:11-CV-02245

WILLIAM H. MCCALL and
DANIEL P. YORK                                                                               DEFENDANTS

## ORDER

The Court, having reviewed the filings in this case, now raises *sua sponte*, the issue of whether this Court has subject matter jurisdiction over the instant matter. Subject matter jurisdiction and the issue of this Court's authority to hear this action may be raised at any time. Fed. R. Civ. P. 12(h)(3). The Court is cognizant of the fact that Defendants have filed Motions to Dismiss (docs. 4 and 6) alleging a lack of personal jurisdiction. "[C]ertain threshold issues, such as personal jurisdiction, may be taken up without a finding of subject-matter jurisdiction, provided that the threshold issue is simple when compared with the issue of subject-matter jurisdiction." *Crawford v. F. Hoffman La Roche*, 267 F.3d 760, 764 (8th Cir. 2001). In this case, the threshold issue of personal jurisdiction, as presented by the parties, does not appear to the Court to be simple when compared with the issue of subject matter jurisdiction now raised by the Court.

Plaintiffs Richard Syrgley and Timothy English filed their Complaint in this case on December 15, 2011. In the section of the Complaint captioned "Parties, Jurisdiction, and Venue," Plaintiffs merely assert that "[t]he Defendants are both residents of the state of Florida." (Doc. 1, ¶ 1). Then, after setting forth certain facts regarding LLC's set up by both Plaintiffs and Defendants, the Complaint simply alleges that "[t]his Court has jurisdiction over this matter because the case involves citizens of different states . . ." *Id*. at ¶¶ 1-2. This is insufficient to properly allege diversity

jurisdiction. Nowhere in the section of the Complaint captioned "Parties, Jurisdiction, and Venue," or anywhere else in the Complaint, has the Court been able to find any allegation as to the citizenship of the Plaintiffs or the citizenship (as opposed to the residence) of the Defendants.

The Court has an affirmative duty to ensure that any claims before it are within its subject matter jurisdiction. *Crawford v. United States*, 796 F.2d 924, 928 (7th Cir. 1986); *see also Strange v. Arkansas-Oklahoma Gas Corp.*, 534 F. Supp. 138, 139 (W.D. Ark. 1981) (noting court's "obligation and duty to carefully consider the pleadings...to determine whether subject matter jurisdiction exists").  The Court cannot discern, from Plaintiffs' Complaint, the actual citizenship of either Plaintiffs or Defendants for the purpose of establishing that the Court has diversity jurisdiction over this case.  As this is an action rooted in contract, no federal question is presented such that the Court could otherwise exercise jurisdiction.

As the party invoking the Court's jurisdiction, it is Plaintiffs' burden to properly plead the existence of diversity jurisdiction. *Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997). Parties seeking to invoke federal jurisdiction have long assumed the burden of investigating the citizenship of the parties involved. *Id.* Plaintiffs' burden of pleading requires them to plead "with specificity the citizenship of the parties." *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990).

The Court therefore directs Plaintiffs to supplement their Complaint by filing an Affidavit or other document on record with this Court correctly asserting the citizenship of both Plaintiffs and Defendants <u>at the time of the filing of the Complaint</u>. Plaintiffs are directed to file such documentation on or before <u>Friday, July 6, 2012</u>.  If Plaintiffs fail to properly and timely file such documentation, **the Court WILL dismiss this action for lack of subject matter jurisdiction**.

IT IS SO ORDERED this 28th day of June, 2012.

/s/P. K. Holmes, III
-----------------------
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE