IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RICHARD C. SYRGLEY and
TIMOTHY ENGLISH                                                              PLAINTIFFS

v.                             Case No. 2:11-CV-02245

WILLIAM H. MCCALL and
DANIEL P. YORK                                                                DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Currently before the Court is the question of whether this Court has subject matter jurisdiction in this action. The Court raised this question, *sua sponte*, and ordered Plaintiffs to supplement their Complaint by filing an Affidavit or other document on record correctly asserting the citizenship of both Plaintiffs and Defendants at the time of the filing of the Complaint. Plaintiffs were directed to file such documentation on or before Friday, July 6, 2012. On July 5, 2012 Plaintiffs filed a Motion for Extension of Time (Doc. 23) to file the documentation. Defendants filed a Response to the Motion for Extension of Time (Doc. 25), with supporting documents, on July 10, 2012.

For the reasons set forth below, the Court finds that Plaintiffs' Motion for Extension of Time should be DENIED. The Court further finds that it does not have subject matter jurisdiction in this action; therefore, Plaintiff's Complaint is DISMISSED without prejudice for lack of jurisdiction.

**I. BACKGROUND AND DISCUSSION**

Plaintiffs Richard Syrgley and Timothy English filed their Complaint in this case on December 15, 2011. In the section of the Complaint captioned "Parties, Jurisdiction, and Venue,"

Plaintiffs assert that "[t]he Defendants are both residents of the state of Florida." (Doc. 1, ¶ 1). As the Court noted in its previous Order (Doc. 22), no allegation is made as to the citizenship of Plaintiffs.

In their Motion for Extension of Time to file documentation, Plaintiffs state, "[r]ecent investigation has revealed that Plaintiff Timothy English is and was at the time of the filing of the Complaint a resident of Florida." (Doc. 23, ¶ 3). As Plaintiffs had alleged in their Complaint that Defendants are residents of Florida, such statement would appear to destroy diversity jurisdiction. Plaintiffs, however, requested additional time to investigate whether, at the time the Complaint was filed, either or both of the Defendants were actually domiciled in Georgia. Attached to Plaintiffs' Motion for Extension of time were proposed interrogatories and requests for production that Plaintiffs intended to serve on Defendants to investigate their citizenship. (Doc. 23-1).

Defendants argue that an extension of time is unnecessary as Plaintiffs have failed to meet their burden of pleading citizenship and, had Plaintiffs properly pled their own citizenship, presumably they would not have filed their complaint in federal court. Furthermore, Defendants affirm that Defendant Daniel York is, and was at the time of the filing of Plaintiff's complaint, a citizen of Florida. In connection with their response, Defendants filed an affidavit in which Mr. York states that he has possessed a Florida driver's license from the time of the filing of the complaint to the present; from the time of the filing of the complaint has owned a residence in Florida and no other state; to the best of his knowledge, is registered to vote in Florida and has no reason to believe he is registered in any other state; and, although he spends significant amounts of time working in Georgia, continues to consider himself a resident and citizen of Florida. (Doc. 25-1). The affidavit is signed by Daniel York under penalty of perjury. Also included is a copy of Mr.

York's Florida drivers license, which has an issue date of September 7, 2011 and an expiration date in 2019.

Based on Separate Defendant York's sworn affidavit, the Court sees no reason to allow Plaintiffs to conduct any further discovery regarding the citizenship of either Defendant. Defendants have sufficiently established that Mr. York is, and was at the time of the filing of the complaint, a citizen of Florida. As Plaintiffs have admitted that Plaintiff Timothy English is likewise a citizen of Florida, complete diversity does not exist in this matter. The Court cannot, therefore, exercise diversity jurisdiction in this case, and Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction.

## II. CONCLUSION

For the reasons set forth above, IT IS ORDERED that Plaintiffs' Motion for Extension of Time (Doc. 23) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED without prejudice for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that any other motions which remain pending are DENIED AS MOOT.

IT IS SO ORDERED this 13th day of July, 2012.

*/s/ P. K. Holmes,* III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE